UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
**--------------------------------------------------------------------------X**

GEORGE EDWARDS, MARK LUMSDEN, JR.                Case No: 19-CV-4813
MOISE DESIR, and other similarly current and former,                (LDH)(RER)
doorman, concierge and other security personnel,

                                        Plaintiffs,


                        -against-


GREENVIEW PROPERTIES, INC., HORIZON OF
WESTBURY, HORIZON OF ROSLYN, LLC, OREN
ZIV, YARDANA ZIV, DAVID MAROM,
LAWRENCE C GARGANO, BRENDA GRABOW,
CHARLES EDZER,

                                        Defendants.
**--------------------------------------------------------------------------X**


### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION


**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
*Attorneys for Defendants*
1500 Broadway – Suite 505
New York, New York 10036
(212) 400-0626

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ……………………………………….………………………1

STATEMENT OF FACTS ………………………………………....…………………….....2

    I.    PROCEDURAL HISTORY……………………….…...………………….......2

    II.   THE PARTIES…………………………………….....…………………….4

ARGUMENT

POINT I …………………………………....…………………………………….....8

LEGAL STANDARD

POINT II ……………………………………….....…………………….……...…9

THE PLAINTIFFS HAVE FAILED TO ESTABLISH A
COMMON POLICY OR PLAN THAT VIOLATES THE FLSA

POINT III …………………………..…………....……....………………….……14

IF THE COURT GRANTS CERTIFICATION, IT
SHOULD MODIFY AND LIMIT THE PROPOSED NOTICE

CONCLUSION …………………………………………………....…...….……16

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

*Cases*

*Bai v. Zhuo*,
   2014 U.S. Dist. LEXIS 178083 (E.D.N.Y. Dec. 29, 2014) ……………...……….…….14

*Benavides v. Serenity Spa NY Inc.*,
   166 F. Supp. 3d 474 (S.D.N.Y. 2016)………………………………………...…….…….11

*Brown v. Barnes & Noble, Inc.*,
   252 F. Supp. 3d 255 (S.D.N.Y. 2017) ……………..…………………….…….…….14

*Doucoure v. Matlyn Food, Inc.*,
   554 F. Supp. 2d 369 (E.D.N.Y. 2008) …………………………...…………..……9, 11

*Garriga v. Blonder Builders Inc.*,
   2018 U.S. Dist. LEXIS 171887 (E.D.N.Y. Sept. 28, 2018) ………………………….…9

*Hoffman v. Sbarro*,
   982 F. Supp. 249 (S.D.N.Y. 1997) ………..……………………………………….…….11

*Hoffmann-La Roche Inc. v. Sperling*,
   493 U.S. 165, 110 S. Ct. 482 (1989)..……………………………………….…….…….8

*Jenkins v. TJX Companies Inc.*,
   853 F. Supp. 2d 317, 321 (E.D.N.Y. 2012) ……....................................………….…….9

*Khan v. Airport Mgmt. Servs., LLC*,
   2011 U.S. Dist. LEXIS 133134 (S.D.N.Y. Nov. 16, 2011) ………….……….…….9

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010) ……………………………….……….…….……………..8, 10

*Pichardo v. El Mismo Rincon Latino Corp.*,
   2018 U.S. Dist. LEXIS 134792 (E.D.N.Y. Aug. 7, 2018) ...................……….…….…….14

*Prizmic v. Armour, Inc.*,
   2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. Jun. 12, 2006)…..………………….……….10

*Puglisi v. TD Bank, N.A.*,
   998 F. Supp. 2d 95 (E.D.N.Y. 2014) ……..……………………………………….…….8

*Ravenell v. Avis Budget Car Rental, LLC*,
   2010 U.S. Dist. LEXIS 72563 (E.D.N.Y. Jul. 19, 2010) ……………..……….…….15

## TABLE OF AUTHORITIES
### (continued)

*Rodriguez v. Obam Mgmt.*,
    2016 U.S. Dist. LEXIS 155315 (S.D.N.Y. Nov. 7, 2016) ……………………….…….15

*Spagnuoli v. Louie's Seafood Rest., LLC*,
    2014 U.S. Dist. LEXIS 77478 (E.D.N.Y. Jun. 5, 2014)……..…………..….……….……14

### ***Statutes***

FLSA 29 U.S.C. § 216(b)……………………………….………...…..………………..8

FLSA 29 U.S.C. § 255(a) ………………………………….…...…..………………..15

NYLL § 663(3))………………………………..….……………...…..………………..15

## PRELIMINARY STATEMENT

Defendants respectfully submit this memorandum of law in opposition to Plaintiffs' motion for conditional certification.  Plaintiffs seek to certify an FLSA collective that consists of purported current and former employees of the Horizon at Westbury Condominium (the "Condo") and Horizon at Roslyn s/h/a Horizon of Roslyn, LLC (the "Rental Building"), whom they allege participated in a purported scheme defined by Plaintiffs as a "fill-in substitution doorman policy" at both buildings.  Allegedly, as a result of this scheme, putative class members did not receive wages and overtime as required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  As explained below and in the accompanying Declarations, this purported scheme is manufactured and has never existed.  As such, Plaintiffs have made an inherently incredible presentation and certification should be denied.

Plaintiffs allege that they worked at both the Condo and the Rental Building simultaneously, and that they frequently shuffled back and forth between the two separately owned buildings and filled in shifts for other employees at the respective buildings.  The evidence, on the other hand, refutes their false allegations.  The Condo (located in Westbury, New York) and the Rental Building (located in Roslyn, New York) are separately owned and operated properties that have no relationship to each other.  Indeed, the Condo's Board of Managers (the "Board") oversees the Condo's employment policies and procedures, and its professional managing agent, Greenview Properties, Inc. ("Greenview"), handles the Condo's day-to-day operations, which includes but is not limited to, employee staffing.  A limited liability company owns the Rental Building and it retains and manages its own staff of employees.  Simply put, the two separate properties have completely different operational and management models.  Plaintiffs have attempted to entangle the affairs of the two buildings based on falsehoods and misrepresentations, but the facts simply

fail to support their contention that the two properties shared a common policy to deny any employees their rights to wages and overtime under the FLSA or NYLL.

The Court cannot grant conditional certification in this case because the concocted statements in the Plaintiffs' submissions fail to establish a factual nexus to any purported similarly situated employees.  Although the factual threshold for certification is relatively low at this stage, it is not non-existent.  Here, the Defendants have proffered evidence through the sworn testimony of a Condo Board member, Oren Ziv, and the owner of the Rental Building, David Marom, in addition to paystubs and check registers for Plaintiff George Edwards and Plaintiff Moise Desir, respectively, which show that inherently incredible statements and unsubstantiated allegations are propping up the Plaintiffs' certification  request.  Indeed, these records show that the Plaintiffs have no factual nexus to the purported class because they received wages and overtime for the hours that they worked.

For these reasons, the Plaintiffs' request to proceed as an FLSA collective must be denied in its entirety.

## STATEMENT OF FACTS

## I.    PROCEDURAL HISTORY

On August 21, 2019, Plaintiffs George Edwards and Mark Lumsden Jr. filed a complaint styled as a putative collective action under the FLSA and NYLL against all Defendants except for Defendant Horizon at Westbury Condominium. [1]  On August 26, 2019, Plaintiff Edwards and Plaintiff Lumsden Jr. filed an Amended Complaint, on behalf of all doorman, concierge and all other security personnel, which alleged that the Defendants failed to pay them a minimum wage

---

[1]  We note the correct legal names for the following entities: Horizon at Westbury Condominium s/h/a Horizon of Westbury and Horizon at Roslyn, LLC s/h/a Horizon of Roslyn, LLC.

and overtime.[2]   The Defendants filed an Answer to the Amended Complaint and an Amended Answer as of right.   Soon thereafter, the parties engaged in limited discovery and scheduled a mediation for later in the year pursuant to the Court's Scheduling Order.[3]

On October 30, 2019, with less than 24 hours' notice, Plaintiff Edwards and Plaintiff Lumsden Jr., filed a pre-motion letter and requested leave to further amend the Amended Complaint to include Moise Desir as a plaintiff and assert a retaliation claim for Plaintiff Edwards under the FLSA and NYLL.[4]   Defendants responded to the Plaintiffs' letter and first drew attention to the convoluted nature of the Plaintiffs' pleadings and their failure to submit a proposed second amended complaint.[5]   The Court deferred a ruling on their pre-motion letter and Ordered the plaintiffs to submit a proposed second amended complaint, which they later filed on November 11, 2019.[6]   The Court then scheduled a Pre-motion/Initial Conference for December 12, 2019, and the parties re-scheduled the mediation session to take place on January 7, 2020.

Prior to the Pre-motion/Initial Conference and the parties' mediation session, the Plaintiffs filed yet another amended complaint on December 10, 2019, but for reasons that remain unclear, they failed to appear at the court conference held on December 12, 2019.[7]   The Court re-scheduled the conference for January 30, 2020 and cancelled the mediation.   On January 4, 2020, Plaintiffs then filed another version of an amended complaint, which they identified as the "Third Amended Complaint".[8]   On January 30, 2020, the Court held proceedings for a Pre-Motion/Initial

---

[2]  *See* DE 3.
[3]  *See* DE 12.
[4]  *See* DE 14.
[5]  *See* DE 15.
[6]  *See* DE 16.
[7]  *See* DE 18 and Minute Entry for proceedings held for the Pre-Motion/Initial Conference held on December 12, 2019.
[8]  *See* DE 19, "Plaintiffs' Third Amended Complaint".

Conference and set a date for the defendants to Answer the Third Amended Complaint and dates for the parties to complete discovery and depositions. [9]  On February 7, 2020, the Plaintiffs filed a letter motion, and they sought permission from the Court to move to conditionally certify a collective and they requested a briefing schedule for the motion. [10]  The Court granted the plaintiffs' request and set the following briefing schedule: Plaintiffs' motion due by February 28, 2020, Defendants' opposition due by March 20, 2020, and plaintiffs' reply due by March 27, 2020.  The Defendants filed an Amended Answer to the Third Amended Complaint. [11] Thereafter, the Plaintiffs filed a motion to conditionally certify a collective. [12]

In mid-March, Governor Cuomo shut down non-essential businesses and imposed social distancing restrictions in an Executive Order also commonly referred to as the "NY on PAUSE" Order, in response to the global coronavirus pandemic.  The Governor's directives and restrictions significantly affected the Defendants' ability to access the necessary records to oppose the Plaintiffs' motion.  During the following four and one-half months, the Defendants requested and received multiple adjournments of the briefing schedule. [13]

Defendants now submit this brief and the annexed declarations in opposition to the plaintiffs' motion for conditional certification.

## II.    THE PARTIES

### *Horizon at Westbury Condominium*

The Condo is a 93-unit condominium located in Westbury, New York. [14]  The Condo's Board governs the Condo and it makes all the personnel decisions, including but not limited to,

---

[9]  *See* Minute Entry for proceedings held on January 30, 2020.
[10]  *See* DE 20.
[11]  *See* DE 21 "Defendants' Amended Answer to the Third Amended Complaint."
[12]  DE 22.
[13]  *See, e.g.*, Dkt. Nos. 24-28.
[14]  Oren Ziv Decl. at ¶ 6; David Marom Decl. at ¶ 6.

hiring, firing and paying employees. [15]  Defendant David Marom is the sponsor and a member of the Condo's Board. [16]  And Defendant Oren Ziv is also a member of the Condo's Board. [17] Defendant Yardena Ziv is the wife of Oren Ziv, but she has never participated in Condo governance and she has never had any decision-making authority with respect to employee-personnel. [18]

The Board delegates some duties to its professional managing agent, Greenview, pursuant to a management agreement and those duties include the day-to-day running of the affairs of the building, including staffing of employees, payment of the Condo's bills, collection of assessments, enforcement of the Condo's House Rules, completion of ordinary repairs and alterations, and interfacing with the Condo's vendors. [19]  Defendant Lawrence C. Gargano owns Greenview, but he has not had any involvement with the day-to-day operations of the Condo because Defendant Brenda Grabow is the property manager and she supervises the performance of all the previously mentioned functions. [20]  In or around March 2015, the Condo hired Defendant Charles Edzer as a doorman, and he continues to work in that non-supervisory position to date.

The Condo provides around-the-clock doorman service for its unit owners. [21]  Generally, three to four doormen cover a 168-hour week, and each doorman works three separate eight-hour shifts and one double shift of sixteen hours each week. [22]  The doormen log their hours worked in weekly time sheets, sign and date each time sheet, and then submit them to Greenview. [23]

---

[15] Oren Ziv Decl. at ¶ 7.
[16] David Marom Decl. at ¶ 7.
[17] Ziv Decl. at ¶ 8.
[18] Ziv Decl. at ¶ 9.
[19] *Id*. at ¶ 7.
[20] *Id*. at ¶ 7.
[21] *Id*. at ¶ 10.
[22] *Id*. at ¶ 11.
[23] *Id*.

Greenview then submits each employee's recorded hours and pay information to the Condo's payroll vendor, and the vendor issues and mails the employee checks. [24]

To the extent that a coverage gap develops because of a doorman, for example, calling in sick, the Condo's Board never imposed, directed or compelled any Condo doorman to secure outside relief coverage and pay that relief coverage from his own pocket. [25]

### George Edwards

On or about April 27, 2018, the Condo's Board hired Edwards to work as a doorman. [26] The Condo paid Edwards $14 per hour for his regular rate of pay, and if he worked more than 40 hours in a week, the Condo paid Edwards $21 per hour for all hours over 40. [27] Edwards received bi-weekly paychecks from the Condo at the end of every pay period based on the hours that he indicated on his weekly timesheets, and these paychecks identified all pertinent employee and employer information required by the FLSA and NYLL. [28]

On or around October 14, 2018, Edwards was involved in a non-work-related car accident car accident. [29] He immediately went on disability leave for approximately one year and he never returned to work. [30] In or around October 2019, the Condo deemed that Edwards abandoned his position and lawfully filled the open doorman position.

### Moise Desir

In or around October 2012, the Condo hired Plaintiff Moise Desir as a doorman. [31] The Condo also paid Desir $14 per hour for his regular rate of pay and $21 per hour for all hours that

---

[24] *Id.*
[25] Ziv Decl. at ¶ 20.
[26] Ziv Decl. at ¶ 12; Exs. A "Edwards Time sheets", B "Edwards Pay Stubs".
[27] Exs. A, B.
[28] Exs. A, B.
[29] Ziv Decl. at ¶ 12; Ex. C "Edwards Text Messages."
[30] Ziv Decl. at ¶ 13.
[31] *Id.* at ¶ 14; Ex. D "Desir's Wage Notices."

he worked over 40 in a workweek. [32]  Desir's compensation was based on the weekly timesheets that he submitted. [33]  And he received the appropriate wages for every hour that he worked at the Condo, including overtime for periods that he worked more than a 40-hour workweek. [34]  In or around April 24, 2018, Desir decided that he no longer wanted to continue his employment at the Condo, and he left. [35]

### Mark Lumsden Jr.

As for Mark Lumsden, Jr., neither the Condo nor the Rental Building ever employed him to work in any capacity. [36]

### Horizon at Roslyn

The Rental Building caters to a luxury 55+ community and it is in Roslyn, New York. [37] At least four doormen always staff the Rental Building and they provide the residents with around-the-clock doorman service. [38]  Generally, each week each doorman works a double shift of 16 hours and three single shifts of 8 hours each. [39]  The Rental Building has never authorized nor permitted its doormen to secure outside relief to work their shifts, and it has never required nor condoned any doorman paying the outside relief from their own pockets. [40]

Since it first opened its doors, the Rental Building has never hired, employed or otherwise authorized Edwards, Desir or Mark Lumsden Jr. to work for the Rental Building. [41]  In the rare

---

[32] Ziv Decl. at ¶ 14.
[33] Ziv Decl. at ¶ 14; Ex. E "Desir's Time Sheets."
[34] Ziv Decl. at ¶ 14; Ex. F "Desir's Check History Listing."
[35] Ziv Decl. at ¶ 14.
[36] *Id.* at ¶ 15; Marom Decl. at ¶ 12.
[37] Marom Decl. at ¶ 8.
[38] *Id.* at ¶ 9.
[39] *Id.*
[40] *Id.*
[41] *Id.* at ¶ 12.

occasions when a coverage gap developed, the doormen for the Rental Building were never tasked with the responsibility to find outside coverage and were never directed to pay their relief coverage from their own pockets. [42]

## ARGUMENT

### I.      Legal Standard

Pursuant to 29 U.S.C. § 216(b) of the FLSA, "[a]n action . . . may be maintained against any employer [. . .] by any one or more employees for and in behalf of himself or themselves and other employees similarly situated". 29 U.S.C. § 216(b).  Such employees may participate as plaintiffs in the action only if they consent to join the lawsuit in writing. *Id.*; *see also*, *Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 99 (E.D.N.Y. 2014) (noting the "opt-in" process in a collective action).  District courts use their discretionary powers "to facilitate the sending of notice to potential class members." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482 (1989)).

The Courts apply a two-step process to determine whether an action should be certified as a collective action. *See Myers v. Hertz Corp.*, 624 F.3d 537, 544-45 (2d Cir. 2010) (noting that the district courts of this Circuit have "coalesced around a two-step method" of analysis of collective action certification).  Here, the Plaintiffs' motion concerns only the first step.  Therefore, they must demonstrate that the putative collective members are "similarly situated," or put differently, they must make a "modest factual showing sufficient to demonstrate that [plaintiffs] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 321 (E.D.N.Y. 2012) (internal quotation marks omitted); *see also*, *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008).

---

[42]  Marom Decl. at ¶ 15.

Although modest, the plaintiffs' burden at this stage is not nonexistent. *See e.g.*, *Garriga v. Blonder Builders Inc.*, 2018 U.S. Dist. LEXIS 171887, at *3 (E.D.N.Y. Sept. 28, 2018); *Khan v. Airport Mgmt. Servs., LLC*, 2011 U.S. Dist. LEXIS 133134, at *5 (S.D.N.Y. Nov. 16, 2011). It is well established that a modest factual showing "cannot be satisfied simply by 'unsupported assertions.'" *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Instead, the plaintiffs must assert sufficient facts that will enable the Court "to determine *whether* similarly situated plaintiffs do in fact exist." *Id.* (emphasis in original) (internal quotation marks omitted).

## II.   THE PLAINIFFS HAVE FAILED TO ESTABLISH A COMMON POLICY OR PLAN THAT VIOLATES THE FLSA

The Plaintiffs' motion for conditional certification appears incoherent and illogical as it contains factual inaccuracies, and misstatements and misapplications of the law, just like the multiple forms of the Complaint. Further to that point, their brief contains bare recitations of the law and scant analysis of its application to the facts. Moreover, the Plaintiffs' declarations, which serve as the basis for their motion for conditional certification, contain a wholly self-created and concocted "fill-in substitution doorman policy" based on a house of cards: misrepresentations of a non-existent relationship between the Condo and Rental Buildings that the Court should reasonably credit to grant conditional certification.

It is well established that on a motion for conditional certification, the Court will not determine the sufficiency of the plaintiff's factual allegations or the merits of the action. However, the case at bar is different because the record shows that the substance of the Plaintiffs' allegations are false and based solely on conjecture and surmise. The Court should not give any weight to these types of statements. *See Prizmic v. Armour, Inc*., 2006 U.S. Dist. LEXIS 42627, at *2 (E.D.N.Y. June 12, 2006) ("A plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations

9

[. . . .] Absent such a showing, an employer may be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.") (internal citations omitted). Ultimately, the Court should examine any motion for conditional certification based upon the existence of a factual nexus and not conjecture. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481-82 (S.D.N.Y. 2016) (analyzing the plaintiff's assertions about her observations and conversations with other employees).   As we show below, the Plaintiffs' allegations simply fail to meet even the low threshold for conditional certification.

A.  *The Condo and the Rental*
    *Buildings Do Not Share Employees*

Plaintiffs submitted several self-serving and hearsay laced declarations that allege that they were employees of the Condo and Residential Buildings simultaneously, and that they participated in an alleged "fill-in substitution doorman policy," which resulted in them working for no pay or at least without receiving overtime pay.   They have further alleged that the affairs of the two buildings are entangled and that this fill-in substitution doorman policy was a common policy or scheme at the Condo and Rental Buildings.   But their hypothetical assertions are objectively false, and the Court should not reasonably rely on their statements to find that a common scheme existed at the two buildings.

It is axiomatic that the Plaintiffs have a minimal burden at this preliminary stage of conditional certification – *i.e.*, "'make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Doucoure*, *supra*, 554 F. Supp. 2d at 372 (E.D.N.Y. 2008) (quoting *Hoffman v. Sbarro*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).   Here, however, the fill-in substitution doorman policy that the Plaintiffs allege the Condo and Rental Buildings shared does not and has never existed and their allegations fail to support their motion.

10

First, the two properties in question are two separately owned and operated buildings. [43] Horizon at Westbury Condominium is a condominium located in Nassau County, New York, and it is subject to the condominium form of ownership and run by a Board of Managers on behalf of unit owners. [44] Since 2006, the Condo's professional managing agent, Greenview, has managed the Condo's day-to-day running of the affairs of the building, and one of Greenview's primary functions includes, *inter alia*, staffing of employees. [45] On the other hand, Horizon at Roslyn is a rental building located in Roslyn, New York, and it is owned by a limited liability company. [46] The Rental Building does not have any such equivalent managing agent.

Next, the Condo has always retained a staff of three to four doormen who only work for the Condo. [47] The Condo's doormen log their hours worked in weekly time sheets, the managing agent submits the employees' hours and pay information to the Condo's payroll vendor, and the payroll vendor issues and mails the employee paychecks. [48] The Condo compensates the doormen and pays overtime, if they work more than a 40-hour workweek. [49]

The Rental Building is in a different town in Nassau County altogether, and it caters to a 55+ demographic. [50] It retains a separate staff of four doormen who each individually weekly work three single shifts and one double shift in order to provide around-the-clock doorman service for the building's residents. [51]

---

[43] Ziv Decl. at ¶¶ 16-20; Marom Decl. at ¶¶ 8-13.
[44] Ziv Decl. at ¶ 5; Marom Decl. at ¶ 5.
[45] Ziv Decl. at ¶ 7.
[46] Marom Decl. at ¶¶ 8-9.
[47] Ziv Decl. at ¶ 10.
[48] Ziv Decl. at ¶ 11.
[49] *Id.*
[50] Marom Decl. at ¶ 8.
[51] Marom Decl. at ¶ 9.

It is apparent that the Plaintiffs have embarked upon a fishing expedition to gain access to the names of employees for the Rental Building even though those employees have no relevant factual nexus to their claims.  Here, the Plaintiffs have concocted a false connection between the two buildings, and they allege that both buildings imposed a common, fill-in substitution doorman policy even though no such policy exists.  It is noteworthy that the Plaintiffs have only proffered the secondhand-hearsay musings of several individuals who purportedly worked at both buildings, but they have failed to meaningfully describe the content of this purported common policy.  Indeed, this so-called policy is incoherent. *See Brown v. Barnes & Noble, Inc.*, 252 F. Supp. 3d 255, 264-265 (S.D.N.Y. 2017) (noting that plaintiffs failed to provide copies of policies, procedures or rules to the Court to support their contention that the defendant maintained uniform comprehensive policies that govern how certain employees perform their jobs).  Further to this point, the Plaintiffs' have filed multiple versions of an amended complaint and submitted several declarations, and the common scheme or plan to not pay overtime compensation remains unclear.

B.  *The Plaintiffs' False and Inaccurate Declarations*

In addition to the Plaintiffs' failure to articulate a coherent common scheme or plan by the Defendants to not pay employees overtime compensation, the Plaintiffs have also falsified their work status with the Defendants.

It is academic that the FLSA requires an employer to pay a non-exempt employee time and one-half for each hour that the employee works over 40 in a week. *See Pichardo v. El Mismo Rincon Latino Corp.*, 2018 U.S. Dist. LEXIS 134792, at *11-12 (E.D.N.Y. Aug. 7, 2018).  Here, however, the documentary evidence refutes the Plaintiffs' allegations that they were employees of both buildings, and that they never received overtime because of the so-called common, fill-in substitution doorman policy.

First, the Defendants establish that Plaintiff George Edwards and Plaintiff Moise Desir both worked for the Condo at various periods. [52]   The record shows that Edwards worked for the Condo only from April 2018 through mid-October 2018, and that Desir worked for the Condo only from October 2012 through April 2018. [53]   While they worked for the Condo, Edwards and Desir submitted time sheets for all the hours that they worked, and the Condo paid their wages and overtime based on those timesheets. [54]

Edwards and Desir both allege that "every doorman that works at [*sic*] Horizon buildings [. . .] worked overtime hours and was unpaid for the overtime premium hours and often times unpaid [. . . .]," despite the aforementioned payroll records. [55]   The Court should not be persuaded by their statements though, because Edwards's paystubs and Moise Desir's "Check History Listing" show that they are categorically false. [56]   Here, Edwards's and Desir's statements are not minor inconsistencies in the evidence that the Court may overlook; instead, their statements are objectively false evidence that purports to establish a factual nexus between them and other supposed similarly situated employees. Contrary to their assertions, they both received appropriate wages for the hours they worked including overtime. [57]   The Court should give their false statements and their overall declarations no meaningful weight, because the Court has held that barebones declarations that are factually inaccurate as to purportedly similarly situated plaintiffs are not reliable evidence of defendants' pay practices, and therefore, they fail to make the modest showing for conditional certification. *See, e.g.*, *Meyers v. Hertz Corp.*, 624 F. 3d 537, 555

---

[52] Ziv Decl. at ¶¶ 12-14.
[53] *Id.*; *see also* Exs. A-F.
[54] *See* Exs. A-F.
[55] Edwards Decl. at ¶ 17; Desir Decl. at ¶ 22.
[56] Exhs. A ("George Edwards Pay Stubs"); F ("Desir's Check History Listing").
[57] *See* Exhs. A, F.

(2d Cir. 2010); *Bai v. Zhuo*, 2014 U.S. Dist. LEXIS 178083 (E.D.N.Y. Dec. 29, 2014); *Spagnuoli v. Louie's Seafood Rest., LLC*, 2014 U.S. Dist. LEXIS 77478 (E.D.N.Y. Jun. 5, 2014).

The Court should likewise reject placing any weight to the declaration of Plaintiff Mark Lumsden Jr. because the Condo's Board never authorized Lumsden Jr. to work for the Condo, and the Rental Building never hired him or permitted him to work in any capacity either.

The payroll records demonstrate that the allegations are plainly false; and thus, the Court should deny certification.

## III.   IF THE COURT GRANTS CERTIFICATION, IT SHOULD MODIFY AND LIMIT THE PROPOSED NOTICE

Remarkably, the Plaintiffs have failed to properly define the collective class, as they state in their brief that the collective class consists of "auto body workers and mechanics". [58]   They further contend that the Court should grant certification because there are other potential plaintiffs who were subjected to "uniformly-applied, illegal pay practices." [59]   It is readily apparent that none of the Defendants employed auto body workers or mechanics. [60]   The Condo and the Rental Building are residential properties and each entity has never had any reason to employ such categories of workers on either premise.  In fact, the Plaintiffs themselves allege that they only worked as doormen for the Condo and the Rental Building. [61]

Further, Plaintiffs inaccurately reference "the last fourteen (14) years [as] the Relevant Time Period" for this Action. [62]   However, the law clearly establishes a two-year (or three years, if willful) statute of limitations for claims brought under the Fair Labor Standards Act ("FLSA"), and a six-year statute of limitations for claims brought under the New York Labor Law ("NYLL").

---

[58]  Plaintiffs' Memorandum of Law at p 11, at ¶ A.
[59]  Plaintiffs' Memorandum of Law at p 17, at ¶ C.
[60]  *See, generally*, Declarations of Oren Ziv and David Marom.
[61]  *See, generally*, Plaintiffs' Exhibit 3.
[62]  Plaintiffs' Memo of Law at p 8.

*See Rodriguez v. Obam Mgmt.*, 2016 U.S. Dist. LEXIS 155315, at *13 (S.D.N.Y. Nov. 7, 2016) (citing 29 U.S.C. § 255(a); NYLL § 663(3)).  Although we argue that the Plaintiffs have failed to meet their burden for certification here, any potential opt in claims should be limited to the applicable statute of limitations period and should be deemed as non-willful thereby triggering the two-year federal limitations period.

Finally, if the Court decides to grant certification, which we maintain is improper, the Court should permit the parties to confer and jointly submit an acceptable notice for Court approval. *See Ravenell v. Avis Budget Car Rental, LLC*, 2010 U.S. Dist. LEXIS 72563, at *16 (E.D.N.Y. July 19, 2010) (instructing the parties to confer about the form and content of an acceptable opt in notice).

[*THIS SPACE IS INTENTIONALLY LEFT BLANK*]

## CONCLUSION

For all the foregoing reasons, the Defendants respectfully request that the Court deny Plaintiffs' motion for conditional certification in its entirety and grant such other and further relief that the Court deems just, proper and equitable.

Dated: Queens, New York
July 29, 2020

BOYD RICHARDS PARKER & COLONNELLI, P.L.
*Attorneys for Defendants*

By:      /s/ Russell J. Edwards
         David S. Kasdan (DK5589)
         Russell J. Edwards (RE4961)
      1500 Broadway, Suite 505
      New York, New York 10036
      (212) 400-0626

16