# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

Nº 19-CV-4813 (LDH) (RER)

_____

GEORGE EDWARDS, MARK LUMSDEN, JR., AND MOISE DESIR,

Plaintiffs,

VERSUS

GREENVIEW PROPERTIES, INC., HORIZON OF WESTBURY, HORIZON OF ROSLYN, LLC, OREN ZIV, YARDANA ZIV, DAVID MAROM, LAWRENCE C GARGANO, BRENDA GRABOW, AND CHARLES EDZER,

Defendants.

_____

**MEMORANDUM & ORDER**
November 27, 2020

_____

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiffs George Edwards, Mark Lumsden, Jr., and Moise Desir (collectively, "Plaintiffs") bring this action on behalf of themselves and other similarly situated employees of Defendants Horizon of Roslyn, LLC, Horizon of Westbury, Greenview Properties, Inc., Oren Ziv, Yardana Ziv, David Marom, Lawrence C Gargano, Brenda Garbow, and Charles Edzer (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL"), § 650 *et seq.* (Dkt. No. 19 ("Am. Compl.")). Plaintiffs move to conditionally certify a collective action and to distribute notice to the putative collective pursuant to FLSA § 216(b). (Dkt. No. 22-7 ("Pls.' Mem. in Supp.")). Defendants oppose the

1

Motion. (Dkt. No. 30 (Defs.' Mem. in Opp'n)). In addition, both parties move for an extension of time to complete discovery. (Dkt. No. 33). For the reasons discussed below, both motions are granted.

## BACKGROUND

Plaintiffs allege that Horizon of Roslyn, LLC and Horizon of Westbury are related corporations owned and managed by Oren Ziv, Yardana Ziv, David Marom, Lawrence C Gargano, Brenda Garbow, and Charles Edzer (collectively, "Individual Defendants") and Greenview Properties, Inc. (Am. Compl. ¶¶ 4, 7). Plaintiffs allege that Defendants manage two apartment buildings located in Westbury, New York ("Horizon at Westbury") and in Roslyn, New York ("Horizon at Roslyn") (collectively, the "Horizon Buildings"). (Am. Compl. ¶¶ 20–21). All three Plaintiffs allege they were employed by Defendants as doormen at both Horizon Buildings. (Am Compl. ¶¶ 60–61, 83–84, 95–96). Plaintiff Edwards attests he worked for Defendants from approximately May 2017 to October 13, 2018. (Dkt. No. 22-3 ("Doormen Decls.") at 13–14, ¶ 5). Plaintiff Lemsden alleges he worked for Defendants from approximately January 2017 through July 2017. (Doormen Decls. at 1, ¶ 5). Plaintiff Desir alleges he worked for Defendants from approximately October 2013 through March 2018 and then again from September 2018 through April 2019. (Doormen Decls. at 5–6, ¶¶ 5, 8).

Plaintiffs allege Defendants did not pay them the requisite overtime premium for hours they worked in excess of 40 each week. (Doormen Decls. at 2, ¶ 6; 5, ¶¶ 7–10; 14, ¶¶ 6–9). Plaintiffs allege that at least part of the reason they were not paid overtime wages is related to Defendants' policy requiring doormen who need a substitute for their shift at either of the Horizon Buildings to pay those substitutes directly, rather than having the substitute be paid by Defendants. (Doormen Decls. at 2, ¶ 7; 6, ¶ 9; 14, ¶ 8). Plaintiffs collectively identify eight other doormen

employed by Defendants who told one or more Plaintiffs that they were also not paid overtime wages by Defendants and were paid directly by their colleagues—not Defendants—when they substituted for other doormen. (Doormen Decls. at 3, ¶¶ 13–14; 7–11, ¶¶ 15–21; 15–16, ¶¶ 14–16).

## LEGAL STANDARD

The FLSA permits employees to assert claims on behalf of other similarly situated employees. 29 U.S.C. § 216(b). In the Second Circuit, certifying a collective action is a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). Plaintiffs' current motion only concerns "[t]he first step, called conditional certification." *Jenkins v. TJX Companies, Inc.*, 853 F. Supp. 2d 317, 320 (E.D.N.Y. 2012). If conditional certification is granted, the putative collective members are then sent notices and given the opportunity to opt into the collective action. *Id.*

Conditional certification requires the plaintiffs demonstrate by "'a modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). In determining whether the plaintiffs have met their burden, the court only "looks to the pleadings and submitted affidavits" and does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Yu Zhang v. Sabrina USA Inc.*, No. 18 Civ. 12332 (AJN) (OTW), 2019 WL 6724351, at *2 (S.D.N.Y. Dec. 20, 2019) (quoting *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012)). "[A]llegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." *Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI) (MDG), 2006 WL 1662614, at

*2 (E.D.N.Y. June 12, 2006) (quoting *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519

(D. Md. 2000)) (collecting cases).

## DISCUSSION

Plaintiffs request conditional certification of a collective as well as discovery of contact

information of potential opt-in plaintiffs and to distribute notice to the putative collective. In

addition, both parties have requested an extension of time to complete discovery.

## I.    Conditional Certification

Plaintiffs successfully meet their modest burden demonstrating that they are similarly

situated to Defendants' other employees and subject to a common policy or plan to violate the law.

Specifically, Plaintiffs allege that Defendants engaged in a common policy or plan to deny them

and other former and current doormen[1] payment of overtime wages in violation of the FLSA. (Pls.'

Mem. in Supp. at 6). All three Plaintiffs were doormen working for Defendants at one or both of

the Horizon Buildings. (Doormen Decls. at 2, ¶ 7; 6, ¶ 5; 13, ¶ 5). All three Plaintiffs submitted

declarations attesting that Defendants did not pay them for overtime hours worked. (Doormen

Decls. at 2, ¶ 6; 5, ¶¶ 7–10; 14, ¶¶ 6–9). In addition, Plaintiffs collectively identified eight other

doormen employed by Defendants who told one or more Plaintiffs that they were also not paid

overtime wages. (Doormen Decls. at 3, ¶¶ 13–14; 7–11, ¶¶ 15–21; 15–16, ¶¶ 14–16).

In addition to doormen, Plaintiffs request that concierge and security personnel who

worked for Defendants be included in the putative collective as well. (Pls.' Mem. in Supp. at 7).

However, Plaintiffs have not proffered any factual basis for inclusion of these categories of

employee in the putative collective. All three Plaintiffs were doormen and their declarations only

---

[1] At certain times in Plaintiffs' Memorandum of Law in Support of Conditional Certification, Plaintiffs mistakenly refer to the putative collective as "non-managerial auto body workers and mechanics." (*See, e.g.*, Pls.' Mem. in Supp. at 19). The Court assumes this is a drafting error and will ignore any such references.

discuss other doormen. No mention of concierge or security personnel is made. As such, Plaintiffs' motion is granted only as to current and former doormen who worked at either of the Horizon Buildings.

Defendants argue that "[t]he Court should not give any weight to" Plaintiffs' declarations because the statements made in them "are false and based solely on conjecture and surmise." (Defs.' Mem. in Opp'n at 9). Defendants argue that the Horizon Buildings "are two separately owned and operated buildings," that each building maintain "a separate staff of . . . doormen," that Plaintiff Lumsden never worked for Defendants, and that Defendants did indeed pay Plaintiffs Edwards and Desir overtime wages. (Defs.' Mem. in Opp'n at 11–14). In support of their argument, Defendants submit declarations from two of the Individual Defendants, copies of Plaintiff Edwards' paychecks, Plaintiffs Edwards and Desir's time sheets, Plaintiff Desir's check history, and screen shots of text messages with Plaintiff Edwards. (*See* Dkt. No. 29).

"However, at this preliminary certification stage, 'the court does not resolve factual disputes, decide ultimate issues on the merits or make credibility determinations.'" *Chui v. Am. Yuexianggui of LI LLC*, No. 18-CV-5091 (SJF) (AKT), 2020 WL 3618892, at *9 (E.D.N.Y. July 2, 2020) (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). While acknowledging this well-established rule, Defendants contend this case is "different" because Plaintiffs present only "conjecture" rather than the required "factual nexus." (Defs.' Mem. in Opp'n at 9–10). In doing so Defendants cite to *Prizmic*. 2006 WL 1662614. In *Prizmic*, however, the plaintiff failed to submit "*any* evidence by affidavit or otherwise to demonstrate the he and other potential plaintiffs were victims of a common policy or plan that violated the law." 2006 WL 1662614 at *3 (emphasis in original). Here, in contrast, Plaintiffs submitted three sworn declarations with detailed factual contentions, which is more than enough to satisfy their burden.

5

*See, e.g.*, *Hernandez v. Bare Burger Dio Inc.*, No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit.") (collecting cases).

Defendants also cite *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474 (S.D.N.Y. 2016) to support their argument, presumably as an example of a plaintiff presenting a proper "factual nexus" for conditional certification. *Benavides* sets out the standard for such a factual showing, noting that "[w]hen plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred and the names of the employees involved." 166 F. Supp. 3d at 481–82. Here, as in *Benavides*, Plaintiffs have met this standard. Plaintiffs collectively attest to conversations with eight other doormen employed by Defendants, that these conversations frequently occurred during shift changes, and provide each doorman's first and last name, their approximate work schedules, and at which of the Horizon Buildings the particular doorman worked. (Doormen Decls. at 3, ¶¶ 13–14; 7–11, ¶¶ 15–21; 15–16, ¶¶ 14–16). Accordingly, Defendants' objections to conditional certification fail.

## II.    Proposed Notice

Under the FLSA, district courts may order that notice be given to potential members of a plaintiff class. *Braunstein v. E. Photographic Labs.., Inc.*, 600 F.2d 335, 335–36 (2d Cir. 1978). Plaintiffs submit a proposed notice and requests Defendants post it at the Horizon Buildings and that it be mailed to all potential opt-in plaintiffs. (Pls.' Mem. in Supp. at 18). Defendants request the parties be permitted "to confer and jointly submit an acceptable notice for Court approval." (Defs.' Mem. in Opp'n at 15). Defendants' request is granted. The parties are hereby directed to

6

meet and confer on a revised notice to be submitted for review within fourteen days of entry of this Order.

### III.   Discovery of Opt-In Plaintiffs' Personal Information, Statute of Limitations and Equitable Tolling

Plaintiffs seek the "name, last known mailing address, alternate address (if any), all known telephone numbers, Social Security number and dates of employment" of all doormen employed by Defendants in the three years prior to the filing of this lawsuit. (Pls.' Mem. in Supp. at 19). "'In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members.'" *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 74–75 (E.D.N.Y. 2016) (quoting *Velasquez v. Digit. Page, Inc.*, No. 11-CV-3892 (LDW) (AKT), 2014 WL 2048425, at *15 (E.D.N.Y. May 19, 2014)) (collecting cases). "Courts are reluctant, however, to authorize disclosure of private information, such as . . . social security numbers in the first instance and without a showing that the information is necessary for the plaintiff to notify potential opt-ins of the collective action." *Id.* at 75 (collecting cases). Therefore, the Court will not allow Plaintiffs to discover potential opt-in plaintiffs' social security numbers.

Defendants summarily object to the three-year statute of limitations period. (Defs.' Mem. in Opp'n at 14–15). However, "[a]t the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class." *Valerio*, 314 F.R.D. at 73–74 (quoting *Jie Zhang v. Wen Mei, Inc.*, No. 14-CV-1647 (JS) (SIL), 2015 WL 6442545, at *5 (E.D.N.Y. Oct. 23, 2015)). Here, Plaintiffs sufficiently allege that Defendants' conduct was willful, thus triggering the three-year statute of limitations period. (Am. Compl. ¶¶ 40–42).

While the limitations period for each putative plaintiff continues to run until they elect to opt-in to the action, 29 U.S.C. § 256(b), some plaintiffs may be eligible for equitable tolling. *See Kemper v. Westbury Operating Corp.*, No. 12-CV-0895 (ADS) (ETB), 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012). It is therefore appropriate that, "[n]otices of collective action may be sent to prospective plaintiffs who worked for defendants from a date three years prior to the filing of the motion for collective action." *Id.* Accordingly, Defendants are directed within fourteen days to provide Plaintiffs with a computer-readable list of the names, last known mailing address, alternate address (if any), all known telephone numbers, and dates of employment of all doormen employed by Defendants at either Horizon Building in the three years prior to the filing of the motion for conditional certification—that is, February 28, 2020.

## IV.   Motion for Extension of Time to Complete Discovery

Because conditional certification has been granted and potential opt-in plaintiffs must be noticed and given sufficient time to join the suit, discovery will be extended.  The parties are to submit a proposed revised discovery schedule along with the agreed upon collective action notice.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Motion to Certify a Collective Action of current and former doormen employed by Defendants is granted. Within fourteen days hereof, Defendants are directed to provide Plaintiffs with a computer-readable list of the names, last known mailing address, alternate address (if any), all known telephone numbers, and dates of employment of all doormen employed by Defendants at either Horizon Building in the three years prior to February 28, 2020, the date of the filing of this Motion. The parties are directed to meet and confer on a

revised proposed collective action notice and discovery schedule to be submitted for review within

fourteen days of entry of this Order.

SO ORDERED

/S/ RAMON E. REYES, JR.
RAMON E. REYES, JR.
United States Magistrate Judge
Dated: November 27, 2020
         Brooklyn, NY